*Corsair Special Situations Fund, L.P. v. Pesiri*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2016

(Argued:  October 24, 2016     Decided:  April 13, 2018)

Docket No. 16-158

_____

CORSAIR SPECIAL SITUATIONS FUND, L.P.,
*Plaintiff–Appellant*,

v.

STATE MARSHAL MARK PESIRI,
*Intervenor–Appellee*,

ENGINEERED FRAMING SYSTEMS, INC., JOHN J. HILDRETH, MARIE N. HILDRETH, EFS STRUCTURES, INC.,
*Defendants*.

_____

Before:     LEVAL, SACK, AND RAGGI, *Circuit Judges*.

Corsair, a judgment creditor, appeals from an award by the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*) to Connecticut State Marshal Pesiri of a fifteen percent commission on a collected debt, which Corsair obtained independently from a third party after the writ of execution Pesiri served on the third party was ignored.  We previously concluded that this case involved unsettled Connecticut law and certified two questions to the Connecticut Supreme Court.  First: "[w]as Marshal Pesiri entitled to a fifteen

percent fee under the terms of Conn. Gen. Stat. § 52-261(a)(F)?" *Corsair Special Situations Fund, L.P. v. Pesiri*, 863 F.3d 176, 183 (2d Cir. 2017). And second: "[i]n answering the first question, does it matter that the writ was ignored and that the monies that were the subject of the writ were procured only after the judgment creditor, not the marshal, pursued further enforcement proceedings in the courts?" *Id.* The Connecticut Supreme Court accepted the certification, answering the first question in the affirmative and the second in the negative. *Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, 327 Conn. 467, 481, 174 A.3d 791, 799 (2018). Accordingly, the district court's fee award is:

AFFIRMED.

GREGORY J. SPAUN (Matthew S. Sturtz, Derek P. Roussillon, Miles & Stockbridge P.C., Baltimore, Maryland, *on the brief*), Welby, Brady & Greenblatt, LLP, Danbury, Connecticut, *for Plaintiff-Appellant.*

NEAL L. MOSKOW (Deborah M. Garskof, *on the brief*), Ury & Moskow L.L.C., Fairfield, Connecticut, *for Intervenor–Appellee.*

PER CURIAM:

Plaintiff-Appellant Corsair Special Situations Fund, L.P. ("Corsair") appeals from a fee award by the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*) in favor of Intervenor-Appellee State Marshal Mark A. Pesiri ("Pesiri"). We assume the parties' familiarity with our earlier opinion in this matter, which discusses at length the underlying facts, procedural history, and arguments presented on appeal. *Corsair Special Situations Fund, L.P. v. Pesiri*, 863 F.3d 176 (2d Cir. 2017). We repeat them here only insofar as we think it necessary to understand the discussion that follows.

In June 2010, Corsair obtained a judgment from the United States District Court for the District of Maryland jointly and severally against the defendants in the amount of $5,443,171.33. *Id.* at 177-78. "While attempting to enforce [that] judgment, Corsair learned that" one of the defendants, having become a judgment debtor of Corsair, "signed a contract with a Connecticut-based third party, National Resources, entitling [it] to a payment from National Resources of more than $3,000,000." *Id.* at 178 (footnote omitted). On learning that, Corsair "enrolled its judgment in the United States District Court for the District of Connecticut," which thereupon issued a writ of execution. *Id.* Corsair engaged

Pesiri to serve a writ of execution on National Resources for a portion of the debt.

*Id.*

Although Pesiri successfully served the writ, National Resources ignored it, relinquishing the $2,308,504 to Corsair only after Corsair instituted and won a subsequent turnover action for the monies. *Id.* Despite the intervening legal action taken by Corsair in pursuit of the fruits of its judgment, the district court held that under Connecticut General Statute § 52-261(a),* Pesiri was entitled to a full fifteen percent commission on the $2,308,504. *Corsair Special Situations Fund, L.P. v. Engineered Framing Sys. Inc.*, No. 3:11-CV-01980 (JCH), 2016 WL 128089, at *6, 2016 U.S. Dist. LEXIS 3322, at *20 (D. Conn. Jan. 11, 2016). It therefore awarded him fees representing that fifteen percent: $346,275.60. *Id.*

---

\* Connecticut General Statute § 52-261(a), which governs "[f]ees and expenses of officers and persons serving process or performing other duties," provides in relevant part:

> The following fees shall be allowed and paid: . . . (F) for the levy of an execution, when the money is actually collected and paid over, or the debt or a portion of the debt is secured by the officer, fifteen per cent [sic] on the amount of the execution, provided the minimum fee for such execution shall be thirty dollars . . . .

Conn. Gen. Stat. § 52-261(a)(F) (2011).

4

On appeal, Corsair argued that Pesiri was not entitled to the fee because it collected the debt itself through the enforcement proceedings. *Corsair Special Situations Fund, L.P.*, 863 F.3d at 177. We concluded that the statute governing a fee award in this context was ambiguous and certified two questions to the Connecticut Supreme Court:

> (1) Was Marshal Pesiri entitled to a fifteen percent fee under the terms of Conn. Gen. Stat. § 52-261(a)(F)?

> (2) In answering the first question, does it matter that the writ was ignored and that the monies that were the subject of the writ were procured only after the judgment creditor, not the marshal, pursued further enforcement proceedings in the courts?

*Id.* at 183. The Court accepted the certification, and on January 2, 2018, responded. *Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, 327 Conn. 467, 174 A.3d 791 (2018). It answered the first question, "Yes," i.e., Pesiri was entitled to the fifteen percent fee under § 52-261(a)(F), and the second question, "No," i.e., it did not matter that the writ was ignored by the judgment creditor and the monies were obtained through enforcement proceedings. *Id.* at 481, 174 A.3d at 799.

The Connecticut Supreme Court, in reaching that conclusion, relied on its observation that "Pesiri's proper service and demand were essential predicates to

recovery of [the] debt [via turnover], a fact made evident by Corsair's own statements in its application for, and memorandum in support of, the turnover order." *Id.* at 480. The Court based its decision on its interpretation of the statute, concluding that Pesiri met the conditions required for the fee. *Id.* at 472-80. We then authorized and received additional briefing from the parties, which we have considered.

"We receive the response to our certification bearing in mind that the highest court of a state has the final word on the meaning of state law, and are bound to apply [Connecticut] law as determined by the [Connecticut Supreme Court]." *Engel v. CBS, Inc.*, 182 F.3d 124, 125 (2d Cir. 1999) (per curiam) (internal quotation marks and citations omitted). The Supreme Court of Connecticut has now decided that under Connecticut law, Pesiri is entitled to the full fifteen percent fee. We therefore AFFIRM the district court's decision to award Pesiri fees in the amount of $346,275.60.